J-S66009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DWAYNE R. WATTS | : | |
| | : | |
| Appellant | : | No. 3213 EDA 2017 |

Appeal from the PCRA Order September 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0810991-2005

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 11, 2019**

Appellant, Dwayne R. Watts, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 22, 2006, a jury convicted Appellant of first-degree murder and related offenses, where Appellant shot two victims, one of whom died.  The court sentenced Appellant on October 20, 2006, to life imprisonment plus 4½ to 9 years' imprisonment.  On July 14, 2008, this Court affirmed the judgment of sentence; our Supreme Court denied allowance of appeal on December 29, 2008.  *See Commonwealth v. Watts*, 959 A.2d 975 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 599 Pa. 709, 962 A.2d 1197 (2008).

Appellant timely filed his first PCRA petition on December 1, 2009.  After

the PCRA court issued notice per Pa.R.Crim.P. 907, it denied relief on April 1, 2011.  This Court affirmed the denial of PCRA relief on April 27, 2012; our Supreme Court denied allowance of appeal on January 30, 2013.  **See Commonwealth v. Watts**, 48 A.3d 488 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 619 Pa. 691, 63 A.3d 777 (2013).

Appellant filed *pro se* his second PCRA petition on April 3, 2013.  The PCRA court appointed counsel on August 14, 2014, who filed a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), on October 29, 2015.  Appellant responded on November 26, 2015.  On May 12, 2016, counsel filed an amended PCRA petition and withdrew his **Turner/Finley** letter.  After two evidentiary hearings, the PCRA court denied relief on September 6, 2017.  Appellant timely filed a notice of appeal on October 1, 2017.  On October 4, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  After the grant of an extension, Appellant timely complied on November 12, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite.  **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final at the

conclusion of direct review, including discretionary review in the U.S. Supreme Court and the Pennsylvania Supreme Court, or upon expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the judgment of sentence became final on Monday, March 30, 2009, following expiration of the 90 days for filing a petition for *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current petition on April 3, 2013, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the newly discovered facts exception per Section 9545(b)(1)(ii). Specifically, Appellant argues he filed his amended PCRA petition within 60 days of an affidavit signed by Mr. Trevino Porter on February 20, 2013, which stated Mr. Porter witnessed the shooting and that Appellant was not the perpetrator. According to Mr. Porter's testimony at the evidentiary hearing, however, he informed Appellant about this new information months or years before signing the affidavit. Therefore, Appellant cannot satisfy the 60-day rule, the instant petition remains time-barred, and the PCRA court lacked jurisdiction to review it on the merits. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/19